UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW HAMPSHIRE

Darcy Archer

   v.                                  Civil No. 09-cv-85-JD
                                        Opinion No. 2009 DNH 104

Sue Methot, Gary Methot,
and Snowflake Inn

O R D E R

Darcy Archer brought claims of copyright and trademark infringement, breach of contract, and unfair trade practices against Sue and Gary Methot and the Snowflake Inn, arising out of a failed business arrangement for use of photographs of the Inn. A pretrial conference was scheduled for June 18, 2009. Although the parties agreed to the terms of a discovery order, which was filed with the court, they disagreed about whether a pretrial conference was necessary: Archer wanted a pretrial conference before the scheduling order was adopted, and the defendants did not request a conference.

The pretrial conference was held, as scheduled, on June 18, 2009. Counsel for the defendants attended. Archer's counsel did not attend the conference or contact opposing counsel or the court to request a change or explain his absence. The defendants have filed a motion pursuant to Federal Rule of Civil Procedure

16(f), requesting an award of the attorney's fees incurred for the time spent attending the pretrial conference.  Archer opposes the motion.

Rule 16(f) provides for sanctions if, among other things, a party or counsel "fails to appear at a scheduling or other pretrial conference."  In addition, if a party or counsel fails to comply with the requirements of Rule 16, the court must order the noncompliant party or counsel, or both, "to pay the reasonable expenses--including attorney's fees--incurred because of any non-compliance with this rule, unless the noncompliance was substantially justified or other circumstances make an award of expenses unjust."  Fed. R. Civ. P. 16(f)(2).

Application of sanctions under Rule 16(f) is subject to the court's discretion.  Velez v. Awning Windows, Inc., 375 F.3d 35, 42 (1st Cir. 2004).  The rule does not require a finding of bad faith or intent.  Tracinda Corp. v. DaimlerChrysler AG, 502 F.3d 212, 242 (3d Cir. 2007).  Instead, courts consider the nature and consequences of the violation, and in particular, the impact of the violation on the opposing party.  Id.  Although some courts may not impose sanctions absent unreasonable delay or a pattern of abuse, see United States v. Samaniego, 345 F.3d 1280, 1284 (11th Cir. 2003), in other cases, negligence that results in missing a pretrial conference has been grounds for imposing

monetary sanctions, see, e.g., Velaquez-Rivera v. Sea-Land Serv., Inc., 920 F.2d 1072, 1079 (1st Cir. 1990); Ayers v. City of Richmond, 895 F.2d 1267, 1270 (9th Cir. 1990).

In this case, the defendants' counsel, Donald L. Smith, represents that he opposed a preliminary pretrial conference because it was not necessary, given the parties' agreement to a scheduling order, and because it would require his time which would cost his clients additional fees.  Smith provided an affidavit that shows the defendants incurred $575 in fees for the time he spent preparing for the conference and traveling to and from the court to attend the conference.  Smith also lists $125 in fees for the time he spent preparing the motion for sanctions.

Darcy's counsel, Charles G. Holoubek, acknowledges that Smith, on behalf of the defendants, opposed having a pretrial conference.  He explains that he requested the conference, despite the parties' agreement to a joint discovery plan, because he hoped that a meeting with the judge at the conference would "whittle down some of the points in contention, and perhaps thus aid in negotiating a settlement."  He represents that he mistakenly entered the pretrial conference on his calendar for June 19 instead of June 18.  Relying on his calendar, Holoubek took the day off and was out of his office on June 18.  He did

not attend the conference or notify Smith or the court that he would not attend.

Holoubek's negligence does not substantially justify his absence, particularly in light of his insistence that a pretrial conference be held.  Under the circumstances presented here, it is just to compensate the defendants for the reasonable costs expended by their counsel in preparing for and traveling to attend the pretrial conference and in preparing the motion for sanctions.

Smith states in his affidavit that his hourly rate is $250. He states that he spent .6 hours reviewing and analyzing the file to prepare for the pretrial conference.  He spent 1.7 hours traveling to the court to attend the conference and in attending. He also spent .5 hours preparing the motion for sanctions.

Attorney travel time is often, but not always, compensated at a reduced rate. See  In re Babcock & Wilcox Co., 526 F.3d 824, 828-29 (5th Cir. 2008) (discussing cases); see also Barfield v. N.Y. City Health & Hosps. Corp., 537 F.3d 132, 139 (2d Cir. 2008); Haarhuis v. Kunnan Enters., Ltd., 177 F.3d 1007, 1015-16 (D.C. Cir. 1999); Furtado v. Bishop, 635 F.2d 915, 922 (1st Cir. 1980); Astro-Med, Inc. v. Plant, 250 F.R.D. 28, 32 (D.R.I. 2008). In this case, where there is no indication that Smith worked on

this case while traveling to and from the court, it would appear to be fair to reduce the hourly fee for travel time to $200.

Smith does not break down the time spent traveling to and from the court and the time spent at the court but instead offers a total of 1.7 hours for the entire event.  That time will be compensated at $200 per hour for a total of $340.  The other amounts claimed in Smith's affidavit are accepted.  Therefore, the total fees incurred for the unnecessary pretrial conference and preparing the motion are $615.

## Conclusion

For the foregoing reasons, the defendants' motion for sanctions (document no. 15) is granted to the extent that Charles G. Holoubek is ordered to pay the defendants $615 for the attorney's fees they incurred due to his failure to attend the preliminary pretrial conference that Holoubek requested.  Payment shall be made **on or before August 3, 2009**.

SO ORDERED.

_____
Joseph A. DiClerico, Jr.
United States District Judge

July 9, 2009

cc:  Charles G. Holoubek, Esquire
     Donald L. Smith, Esquire