UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW HAMPSHIRE


Darcy Archer

   v.                                   Civil No. 09-cv-85-JD
                                     Opinion No. 2009 DNH 134

Sue Methot, Gary Methot,
and Snowflake Inn


O R D E R

Darcy Archer sued Sue Methot, Gary Methot, and Snowflake Inn, asserting copyright violations and breach of contract claims based on the defendants' use of Archer's photographs on the Snowflake Inn website and in other marketing materials. The Methots and Snowflake Inn now move for judgment on the pleadings with respect to Archer's claim for statutory damages under 17 U.S.C. § 504(c), arguing that it is barred by 17 U.S.C. § 412.


Standard of Review

A motion for judgment on the pleadings is decided under the same standard as a motion to dismiss. Curran v. Cousins, 509 F.3d 36, 43-44 (1st Cir. 2007). When considering a motion for judgment on the pleadings, "the court must view the facts contained in the pleadings in the light most favorable to the nonmovant and draw all reasonable inferences therefrom." R.G.

Fin. Corp. v. Vergara-Nunez, 446 F.3d 178, 182 (1st Cir. 2006). However, the nonmovant must assert "[f]actual allegations [that] . . . raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true." Bell Atlantic v. Twombly, 550 U.S. 544, 555 (2007); see also Perez-Acevedo v. Rivera-Cubano, 520 F.3d 26, 29 (1st Cir. 2008).

## Discussion

Archer's claims for statutory damages arise under 17 U.S.C. § 504(c), which permits a copyright owner to elect to recover up to $150,000 per copyrighted work where the infringement was committed willfully.[1]  Section 504(c), however, is limited by 17 U.S.C. § 412, which states that

> no award of statutory damages or attorney's fees, as provided by sections 504 and 505, shall be made for (1) any infringement of copyright in an unpublished work commenced before the effective date of its registration; or (2) any infringement of copyright commenced after first publication of the work and before the effective date of its registration, unless such registration is made within three months after the first publication of the work.

Archer urges the court to interpret the statute as permitting awards of statutory damages for infringement that occurs after

---

[1] The statute also provides for statutory damages up to $30,000 if the copyright owner cannot satisfy his burden of proving that the infringement was willful.

registration (plus the three-month grace period, where applicable) when that infringement is merely a continuation of an infringement that commenced before registration. Archer fails to identify a single case that supports her interpretation. Indeed, a review of the case law reveals that every court that has considered the issue has adopted the opposite interpretation.[2] See, e.g., Derek Andrew, Inc. v. Poof Apparel Corp., 528 F.3d 696 (9th Cir. 2008); Bouchat v. Bon-Ton Dep't Stores, Inc., 506 F.3d 315, 330 (4th Cir. 2007); Johnson v. Jones, 149 F.3d 494, 505 (6th Cir. 1998); Parfums Givenchy, Inc. v. C & C Beauty Sales, Inc. 832 F. Supp. 1378, 1394 (C.D. Cal. 1993); Whelan Assocs., Inc. v. Jaslow Dental Lab., Inc., 609 F. Supp. 1325, 1331 (E.D. Pa. 1985). Although it is not controlling, Beckwith Builders, Inc. v. Dipietri, No. 04 CV 282 SM, 2006 WL 2645188 (D.N.H. Sept. 15, 2006), is on point and provides persuasive guidance here.[3]

In Beckwith, the defendants allegedly infringed three copyrights in a custom-designed and built home by building a

---

[2] Archer cites Derek Andrew, Inc. v. Poof Apparel Corp., No. C05 1136 JPD, 2006 WL 3791371 (W.D. Wash. Dec. 22, 2006) for support. Not only was that decision reversed, see Derek Andrew, Inc. v. Poof Apparel Corp., 528 F.3d 696 (9th Cir. 2008), but the lower court did not address the issue of continuing infringement, nor did it even mention § 412.

[3] In Beckwith, the plaintiff sought attorney's fees, whereas in this case the plaintiff is seeking statutory damages. Because § 412 governs both types of awards, the analysis is the same.

duplicate home using the plaintiff's schematics and technical drawings.  2006 WL 2645188 at *1-2.  Two of the three works were considered published "no later than January 15, 2000," while the third was unpublished.  Id. at *12.  The plaintiff alleged that the infringement began in 2003, while all three copyrights had an effective registration date of November 15, 2004.  Id.  Because the infringement commenced before the effective date of registration of the unpublished work, the court held that 17 U.S.C. § 412(1) barred any recovery for that work under § 505.  Id.  Furthermore, because the infringement of the two published works commenced after their first publication but before their effective date of registration, § 412(2) also barred recovery for those works under § 505.  Id.  In other words, regardless of the fact that the infringement continued beyond November 15, 2004, the plaintiff could not recover under § 505.

    In this case, Archer alleges nine instances of willful infringement: the display of nine of her photographs on the defendants' website, which occurred in January 2008.  See First Amended Complaint ¶ 16-17.  Archer concedes, however, that the effective date of the registration of the copyright for the photographs is December 26, 2008.  See First Amended Complaint, Exh. C.  Under § 412, therefore, she cannot recover statutory damages because the effective date of registration was

approximately 11 months after the commencement of the infringement.[4]

Although Archer cannot recover statutory damages for the alleged infringement that commenced in January 2008, she suggests that discovery may reveal separate instances of infringement that would satisfy the requirements of § 412.  Archer has not alleged any other infringement by the defendants, and therefore she cannot avoid judgment on the pleadings as to her claim for statutory damages.[5]

---

[4] The defendants suggest that the nine photographs in question were published in January 2008, when they posted them on their website, and therefore § 412(2) applies in this case.  See Motion for Judgment on the Pleadings With Respect to Plaintiff's Claim for Statutory Damages, p. 3.  Plaintiff does not dispute this.  Because that subsection offers the three-month grace period and is therefore more favorable to the plaintiff, and because both subsections would yield the same result, the court accepts that § 412(2) applies here.

[5] Speculation about other instances of infringement is particularly inappropriate given the possibility that another act might not be "separate infringement" for purposes of § 412, but rather merely one act in "a series of acts constituting continuing infringement," which began in January 2008.  Johnson v. Jones, 149 F.3d 494, 506 (6th Cir. 1998); see also Parfums Givenchy, Inc. v. C & C Beauty Sales, Inc., 832 F. Supp. 1378, 1393 (C.D. Cal. 1993) ("A 'new' or 'separate' basis for the award of statutory damages is created only where there is a difference between pre- and post-registration infringing activities.") (citations omitted).

<u>Conclusion</u>

For the foregoing reasons, the defendants' motion for judgment on the pleadings with respect to plaintiff's claim for statutory damages (document no. 23) is granted.

SO ORDERED.

/s/ Joseph A. DiClerico, Jr.
Joseph A. DiClerico, Jr.
United States District Judge

September 9, 2009

cc: Charles G. Holoubek, Esquire
    Donald L. Smith, Esquire